Duane R. Folke, Esq. (137341)
The Law Office of Duane R. Folke
3450 Wilshire Blvd., Ste. 108-17
Los Angeles, CA 90010
Phone: (747) 264-7568
Email: duanefolke@gmail.com

Attorneys for Plaintiff
DUANE R. FOLKE, an individual
In Pro per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DUANE R. FOLKE, an individual, <br><br> PLAINTIFF, <br> v. <br><br> CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, LOS ANGELES POLICE DEPARTMENT OFFICER WHITEY, an individual, LOS ANGELS POLICE OFFICER SARGENT FERRER, an individual, LOS ANGELES POLICE OFFICER DETECTIVE YEPP, an individual, LOS ANGELES POLICE OFFICER DEBORAH LEWIS, an individual; and, DOES 1-50, inclusive, <br><br> DEFENDANTS. | **COMPLAINT** <br><br> Case No: <br><br> 1. FIRST CLAIM FOR RELIEF (Violation of Civil Rights (42 U.S.C. § 1983) – Fourth Amendment – (Wrongful Search & Seizure) Against All Defendants and DOES 1 through 50, inclusive <br> 2. SECOND CLAIM FOR RELIEF (Violation of 42 U.S.C. § 1985) Against All Defendants and DOES 1 through 50, inclusive <br> 3. THIRD CLAIM FOR RELIEF (Violation of 42 U.S.C. § 1986) Against All Defendants and DOES 1 through 50, inclusive <br> 4. FOURTH CLAIM FOR RELIEF (***Monell***-Related Claims) Against Defendant CITY OF LOS ANGELES Police Officer ,Supervisor Officer WHITEY, Police Officer FERRER, Police Officer Detective YEPP, Police Officer LEWIS and DOES 1 through 50, inclusive <br><br> 5. 5TH CLAIM FOR RETALIATION <br><br> **DEMAND FOR TRIAL BY JURY** |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

COMPLAINT

1

Plaintiff alleges the following:

## JURISDICTION

1. The jurisdiction of this Court is invoked under Title 28 U.S.C. §§ 1331 and 1343. This suit is authorized by the Fourteenth Amendment to the United States Constitution and Title 42 U.S.C. § 1983. Plaintiff seeks monetary recovery in excess of $75,000 for damages incurred by the Plaintiff.

## PARTIES

1. The true names and capacities of the defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at the time of filing this Complaint and Plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiff as herein alleged.

2. Plaintiff DUANE R. FOLKE (hereinafter "Plaintiff Folke") is an individual, competent adult, who, during all times relevant as described in more detail below, engaged with DEFENDANTS the LOS ANGELES POLICE DEPARTMENT, by and through numerous employees, representatives, or agents of the same, in and around Los Angeles County including but not limited to: Defendants OFFICER LYNN WHITEY, Senior Lead Officer under Badge # 37011, LOS ANGELES POLICE OFFICER JOHN DOE NUMBER ONE who wrongfully "Arrested and Detained" the Plaintiff on or about Saturday, March 16, 2019 at the intersection of Crescent Heights and First Street where he was robbed of money and personal items; and, then taken to Cedars Sinai Hospital Emergency Room and left with no provisions to return home. This along with LOS ANGELS POLICE OFFICER SARGENT FERRER, Badge #35725; and LOS ANGELES POLICE OFFICER DETECTIVE YEPP, Badge #27015 and LOS ANGELES

COMPLAINT

2

POLICE OFFICER DEBORAH LEWIS, Badge #350761 who "Approved" of Plaintiff's final arrest on or about Monday, April 8, 2019.

## COMMON ALLEGATIONS

3. That, following the wrongful detention, arrest, and release at Cedars Sinai Hospital on or about Saturday, March 16, 2019; Plaintiff, on or about Thursday, March 21, 2019, at his home located at 14341 Martha Street, in the City of Sherman Oaks, California, experienced the horror(s) of having at least one dozen Los Angeles Police arriving at his household, without probable cause, and neither search warrant nor arrest warrant in hand; only to then perfect a second "Unlawful Arrest" at the direction of LOS POLICE OFFICER SENIOR LEAD SUPERVISOR OFFICER LYNN WHITEY, Badge #37011, who instructed the police officers under her supervision to go into Plaintiff's home; and, then without provocation, reason, nor basis, physically beat the Plaintiff with blows to his face and body and then placed in handcuffs and dragged Plaintiff to a vehicle where he was placed in the Van Nuys Police Department Jail for four (4) days before a hearing on purported charges of "Criminal Threats" which was a case deemed as a "DA REJECT" [Los Angeles District Attorney's Office Rejection] only to be released from custody without a hearing as there was no basis whatsoever for the arrest.

5. That on or about Friday, March 26, 2019, at approximately 7:30 a.m. Plaintiff was then wrongfully arrested for a Third time at the Starbucks Restaurant located at the corner of Tilden and Burbank Boulevard at the direction of Supervisor and LOS ANGELES POLICE SARGENT FERRER Badge # 35725 who asserted that the Plaintiff, a lawyer, with over thirty years of Service to the Los Angeles and national legal community a "Threat to himself and/or others" and then wrongfully again arrested the Plaintiff for a third (3rd) time; this time taking the Plaintiff to UCLA Olive View Medical Center where he was wrongfully placed on a "5150 Hold" until it was determined that the Plaintiff was not any "Threat" whatsoever and Mr. Folke was taken to the Metropolitan Courthouse in Los Angeles County where he was paraded before his legal peers in shackles and upon review by the Court determined to be of sound mind and body.

6. That, Plaintiff was forced to endure two weeks in a mental hospital Olive View Medical Center where he was spit upon, wrongfully isolated and restrained, and provided medications that he did not need nor require; this, after being escorted to this facility in handcuffs so tight that the Plaintiff lost consciousness.

7. That, the Physicians who examined Plaintiff at UCLA Olive View Medical Center were, upon information and belief, were badly "Misinformed" by the LOS ANGELES POLICE

COMPLAINT

3

DEPARTMENT who provided false and misleading police reports concerning an incident where a window was broken at the home and apartment building of the Plaintiff's former in-laws Carol Hickerson and Wyeth Hickerson who were "purportedly" threatened all based on "Misinformation" and prevarications which never occurred.

8. That, on or about April 8, 2019, after a Los Angeles Superior Court Judge determined that the Plaintiff should not have been arrested; nor, placed on a 5150 Psychiatric Hold; and then his circumstances escalated to a 5250 Psychiatric Hold which, the Plaintiff represented by the Los Angeles Public Defenders Office [A colleague of Mr. Folke's who recognized him in his time as the "Legal Advisor of the City of Compton Police Department"] and worked to have the Plaintiff released, receiving an "Apology" from the Court for the unnecessary nightmare he experienced.

9. That, on or about Monday, April 8, 2019, at approximately 4:00 p.m. the Plaintiff was arrested a Fourth (4th) Time, again for alleged "Criminal Threats"[?] from and upon his "Release" from UCLA Olive View Medical and placed on a $50,000.00 Bail, again for charges that had no basis in law or fact, such that Plaintiff was forced to obtain a bond for release; and, then retain lawyers to defend a case which is still in progress as a "Misdemeanor" plea was taken for the alleged crime of "Trespassing"[?] all of which was and is a "Pretext" to obtain some type of "Conviction" to avoid civil liability. This, while Plaintiff still seeks to have the underlying "Misdemeanor" walked back to an "Attorney's Hearing" by the City Attorney's Office of the DEFENDANT CITY OF LOS ANGELES.

10. That, the Plaintiff is still at this time addressing the repercussions of the wrongful act(s) and/or omission(s) of the DEFENDANT(S) LOS ANGELES POLICE DEPARTMENT and those police officers named hereinabove; and, those later to be determined, now identified as "DOE" Defendants who will ultimately be named when their true identity/identities are learned through discovery.

11. That based upon information and belief, the Defendants, at the hands of LOS ANGELES POLICE OFFICERS JIMENEZ, Badge #42507 and CAVALLUZZI, Badge #41397 setting forth a "Police Report" which falsely asserted that Plaintiff DUANE R. FOLKE "...threatened to kill..." his former wife, and Mother of his three Sons; and, threatened to kill his former Mother and Father In Law(s) Carol and Wyeth Hickerson, who in other legal proceedings before the State Bar of California have forthrightly denied that any "Criminal Threats" were ever made by Plaintiff DUANE R. FOLKE and all this was done as a

COMPLAINT

4

"Pretext".

12. That, based upon information and belief, and thereupon alleged, it is believed that the actions of the Defendant LOS ANGELES POLICE DEPARTMENT through its' employees named hereinabove were done because the Plaintiff, who is of African-American descent, lived in a predominantly White Neighborhood and had the temerity to make a prior "Civil Rights Complaints" against the VAN NUYS DIVISION OF THE CITY OF LOS ANGELES POLICE DEPARTMENT and allegedly "Threatened" a Department of Water and Power employee, when evidence will show that no such "Threat" was made; that, the Plaintiff's single family home is equipped with an electronic meter which can and is typically "read" from the street by the DWP without any interaction whatsoever with DWP personnel.

13. That, the events set forth hereinabove are still ongoing; and, the Plaintiff DUANE R. FOLKE has continued to suffer greatly from the wrongful acts and omissions of the Defendants herein incurring both physical and mental damages as a direct and proximate result of the acts and/or omissions of these Defendants in an amount over the jurisdictional amount in excess of $75,000.00 to be determined at trial.

14. That each of the Defendants named hereinabove was and is the agent, employee, principal, or employer of each of the remaining defendants, and/or vice versa. In addition, Plaintiff is informed and believes, and on such basis allege that the defendants named hereinabove, and each of them, are responsible in some manner for the occurrences herein alleged, and that each of the above named defendants conspired with, and/or aided and/or abetted each of the remaining defendants in committing the acts herein alleged.

15. Plaintiff is informed and believes, and thereon alleges, that each of the above-named defendants was acting under color of law in committing the acts herein alleged, and that in doing the things herein alleged, Defendants, and each of them, were acting within the course and scope of their duties as employees or agents of the CITY OF LOS ANGELES, CITY OF LOS ANGELES POLICE DEPARTMENT, WILSHIRE DIVISION and VAN NUYS DIVISION.

16. Plaintiffs is informed and believes, and thereon allege, that at all relevant times, Defendants, and each of them, were the knowing agents and/or alter egos of one another, and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees, and are therefore vicariously liable for the acts and omissions of their co-defendants, their agents and employees, as more fully alleged herein.

Moreover, all of the Defendants agreed upon, approved, ratified, and/or conspired to commit all of the acts and/or omissions alleged in this Complaint.

17. That, the nightmare of being wrongfully accused of purportedly making "Criminal Threats" was untrue and a "PRETEXT" used by the Defendants in an effort to provide a basis for the first and second unlawful arrest where the Los Angeles District Attorney's Office made a determination that there was crime committed such that the request to 'Prosecute' the Plaintiff was made into a "DA REJECT".

18. That, the Defendants individually and collectively wrongfully breached the Civil and Constitutional Rights of Plaintiff violating his Fourth Amendment Rights against illegal searches and seizures of his person and his belongings as more fully set forth hereinbelow.

19. That, the Defendants individually and collectively wrongfully made up information in their various reports and representations to both the Los Angeles District Attorney's Office, the Los Angeles City Attorney's Office, and the Los Angeles Superior Court which were not true and then refusing to dismiss the made up charges when both Carol Hickerson and Wyeth Hickerson clearly indicated time and time again that there was no "Crime" committed by the Plaintiff; nor, had the Plaintiff sought to "Trespass" on the date in question as he was purportedly attempting to "Warn" his family about the illegal police activity he experienced on an "Emergency" basis.

20. That, the Defendants herein each played a part in the wrongs the Plaintiff suffered and continues to suffer; this, as he works to "Undo" the harm caused by making false arrests, false police reports, and refusing to fix the harm done, provide copies of the body cam worn footage previously requested of DEFENDANT SENIOR LEAD OFFICER LYNN WHITEY, Badge # 37011 and that of each of the officers that effected an arrest on the Plaintiff on each of the four wrongful arrests; and, the outright wrongful refusal to "Dismiss all charges" as was previously requested by the purported "Victims" and by the Plaintiff.

21. That, the Plaintiff has been traumatized with damages to be determined at the time of trial including but not limited to: four wrongful arrests; wrongfully physically restrained with handcuffs so tight they caused the Plaintiff to faint; physical scars and bruises from being physically wrongfully beaten; Paraded in shackles at the Metropolitan Courthouse based on wrongful charges of some type of mental illness which was done to "discredit" the Plaintiff concerning any future proceedings; and, then as a result forcing the Plaintiff to undergo a full

COMPLAINT

physical and mental examination to keep his California Driver's License; and, finally, forcing the Plaintiff to undergo California State Bar proceedings to maintain and keep his license to practice law in the State of California. All wrongful conduct directly and proximately causing physical suffering, with mental, and emotional injury, all to an extent and in an amount subject to proof at trial.

## FIRST CLAIM FOR RELIEF
### (Violation of Civil Rights (42 U.S.C. § 1983) - Fourteenth Amendment –
### (Illegal Search and Seizure)
### Against All Defendants and DOES 1 through 50, inclusive

22. Plaintiff re-alleges paragraphs 1-21 and incorporates them herein as though fully set forth.

23. Plaintiff is informed and believes, and thereon alleges that the right to be free from unreasonable searches and seizures is guaranteed under the Fourteenth Amendment is "clearly established" such that a reasonable police officer in Defendants' situation would know it is unlawful to deliberately make up false charges and then arrest the person when there was no legal nor factual
basis for any such acts and/or omissions.

24. Defendants, and each of them, maliciously conspired to violate the civil rights of Plaintiff, including violation of Plaintiffs' rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, deliberately removing the Plaintiff from the scene of an Automobile accident, wrongfully detaining and arresting him at the scene of an auto accident for no reason; wrongfully deliberately removing the Plaintiff from his home with no probable cause or arrest warrant – where the Los Angeles District Attorney's Office made a "DA REJECT" of the "Purported" case against the Plaintiff; wrongfully arresting the Plaintiff a third time and then wrongfully sending him to a mental hospital; with a fourth wrongful arrest with no legal basis where the purported "Complaining Witnesses" refute any and all the allegations made requesting a "Dismissal" of any and all charges forcing the Plaintiff to plead "No Contest" to the alleged crime and misdemeanor of "trespassing" when no such crime was committed thereby violating the Constitutional rights of the Plaintiff.

25. By these actions, Defendants, and each of them, interfered and/or attempted to interfere with Plaintiff's constitutional rights to be free from unreasonable searches and seizures under the Fourteenth Amendment as well as those rights under applicable California Law rising to the level of a constitutionally-protected right.

COMPLAINT

26. As the direct and proximate result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, Attorney fees, costs and xxpenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

27. Defendants CITY OF LOS ANGELES, CITY OF LOS ANGELES POLICE DEPARTMENT and their respective entities, are vicariously responsible for the conduct of all Defendants and DOES 1 through 50, under Government Code section 815.2 and applicable other statutory and case law.

28. Defendants and DOES 1 through 25, are vicariously responsible for the conduct of all Defendants and DOES 26 through 50, inclusive, under applicable statutory and case law.

29. That on information and belief, all of the Defendants herein, and each of them, acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard to the rights of Plaintiff in a despicable, vile and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

## SECOND CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 1985)
### Against All Defendants and DOES 1 through 50, inclusive

30. Plaintiff re-alleges paragraphs 1-29 and incorporates them herein as though fully set forth.

31. Defendants, and each of them, acting under color of state law, conspired to deprive, and did deprive, Plaintiff of his rights under the laws of the United States.

32. Specifically, Defendants conspired to, and did: act, agree and/or conspire to unlawfully arrest the Plaintiff DUANE R. FOLKE on four different occasions within a three-week period; wrongfully sent the Plaintiff to a Mental Hospital; wrongfully took the Plaintiff to Cedars Sinai Hospital Emergency Room; wrongfully entered Plaintiff's home, without "Probable Cause" or an "Arrest Warrant" wrongfully physically beating him; and then causing the Plaintiff to undergo Administrative proceedings before the State Bar of California to retain his license to practice law while also stealing things of value from Plaintiff when there was no actual legal basis as the Plaintiff had not engaged in any criminal activity. The conduct of Defendants, and each of them, interfered with Plaintiffs' rights, including the right to be free from unreasonable searches and seizures free from government interference as guaranteed by the

COMPLAINT

Fourteenth Amendment of the Constitution of the United States.

33. Defendants, and each of them, engaged in said conspiracies for the purpose of depriving Plaintiff of equal protection of the laws of the State of California and of the United States, and depriving him of his rights under the Constitutions of the United States and the State of California.

34. Defendants, and each of them, took several acts in furtherance of the conspiracy, including but not limited to, acting, agreeing and/or conspiring to unlawfully and wrongfully deliberately detain and arrest the Plaintiff herein four times as there was no lawful basis to detain him under the circumstances as DUANE R. FOLKE had not made any "Criminal Threats" nor caused any injuries to any person essentially facing further harm because he broke a window to warn his family members of a reasonable perceived threat from the Defendant LOS ANGELES POLICE DEPARTMENT, further confirmed by the false and misleading report(s) assembled by the Defendants to provide a "PRETEXT" to act in the unlawful manner each Defendant proceeded in this case causing harm to the Plaintiff as a direct and proximate result.

35. Plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Due Process Clause of the Fourteenth Amendment, which has been interpreted to protect the fundamental liberty interest of being free from unreasonable, and unlawful searches and seizures; along with forcing Plaintiff to undergo criminal proceedings and the experience of being incarcerated in a jail in for four days where no charges were filed; undergo the experience of being in a mental hospital when there was no basis for such an arrest; and then forcing the Plaintiff to undergo both a physical and mental examination to retain his California Driver's License; and, lastly forcing Plaintiff to undergo Administrative Proceedings to retain his license to practice law in the State of California.

36. As the direct and proximate result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, attorney fees, costs and expenses, including those authorized by 42 U.S.C. Section 1988, to an extent and in an amount subject to proof at trial.

37. On information and belief, Defendants, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard to the rights of Plaintiff in a despicable, vile and contemptible manner. Therefore, Plaintiff is entitled to an

COMPLAINT

award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

### THIRD CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 1986)
### Against All Defendants and DOES 1 through 50, inclusive

38. Plaintiffs re-allege paragraphs 1-37 and incorporate them herein as though fully set forth.

39. Defendants, and each of them, maintain, and at all times relevant to this Complaint maintained, customs and practices which were the driving force behind their conspiracy to interfere with Plaintiff's civil rights in violation of 42 U.S.C. section 1985, discussed in paragraphs 1 through 3, above. Such customs and practices include the failure to diligently investigate any purported allegations of criminal threats and properly charge and review the circumstances of any particular criminal law case whereby the Plaintiff DUANE R. FOLKE was wrongfully detained, arrested, forced to undergo the nightmare of proceedings in a mental competency court and at this date is continuing in "Administrative Proceedings" to retain his license to practice law all all because the Defendants herein failed miserably to each do their respective jobs as police officers involved in law enforcement, all of whom are responsible for wrongfully asserting that the Plaintiff DUANE R. FOLKE had allegedly made "Criminal Threats"; this as a "PRETEXT" to cover for the fact that on four different occasions the Plaintiff was falsely "Detained"; "Arrested"; and, even wrongfully placed in a mental hospital to use these charges as subterfuge against any showing that the acts and omissions of these Defendants were in violation of Plaintiff's' civil and constitutional rights all in violation of the right to be free from unlawful searches and seizures, and unlawful arrest under the Due Process Clause of the Fourteenth Amendment.

40. Defendants and each of them, have, and at all times relevant to this complaint had, knowledge of the customs and practices that led to the conspiracy to interfere with Plaintiffs' civil rights. All named defendants and DOES 1 through 50, inclusive, knew that the other individual defendants were conspiring to commit the wrongs noted above, and were going to commit them.

41. Defendants, and each of them, had the power to prevent the commission of these wrongs, through the notification of the proper superiors and authorities, and/or through the implementation of policies, procedures, and training programs that would educate and enlighten employees as to the civil rights of the citizens of the United States and the State of California.

42. Despite their knowledge, Defendants, and each of them, refused or neglected to prevent the

COMPLAINT

remaining Defendants from committing these wrongs in violation of 42 U.S.C. Section 1985.

43. Plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourteenth Amendment that protect the right to be free from Unreasonable Searches and Seizures; Unlawful Detention and Arrest; and a depravation of Due Process as the "alleged complaining parties" sought to have any criminal matter against the Plaintiff "Dismissed" only to have the Defendant CITY OF LOS ANGELES CITY ATTORNEY'S OFFICE wrongfully refuse to dismiss any criminal action as there was no lawful basis to proceed as Plaintiff's in-laws had time and time again requested "Dismissal" of any Misdemeanor case; this, because these Defendants needed these proceedings to cover as a "PRETEXT" for their wrongful Unconstitutional Conduct.

44. Plaintiffs' injuries were the direct and proximate result of the actions Defendants could have, through reasonable diligence, prevented.

45. As the direct and proximate result of these Defendants' actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, Attorneys' Fees, Costs and Expenses, including those authorized by 42 U.S.C. Section 1988, to an extent and in an amount subject to proof at trial.

## FOURTH CLAIM FOR RELIEF
### (*Monell*-Related Claims)

**Against Defendant CITY OF LOS ANGELES, Defendant CITY OF LOS ANGELES POLICE DEPARTMENT, Defendant LOS ANGELES POLICE OFFICER WHITEY, LOS ANGELS POLICE OFFICER SARGENT FERRER, Badge #35725; and LOS ANGELES POLICE OFFICER DETECTIVE YEPP, Badge #27015 and LOS ANGELES POLICE OFFICER DEBORAH LEWIS, Badge #350761 and DOES 1 through 50, inclusive**

46 Plaintiff re-alleges paragraphs 1-45 and incorporate them herein as though fully set forth.

47. Defendants, including through their respective entities, established and/or followed policies, procedures, customs, and/or practices (hereinafter referred to collectively as "policy" or "policies") which policies were the moving force behind the violations of Plaintiff's constitutional

rights, including those under the Fourteenth Amendment, by, but not limited to:

COMPLAINT

11

a. The policy and practice of wrongfully detaining, arresting, and committing the Plaintiff to a Mental Hospital without a full and complete investigation ultimately falsely accusing Plaintiff of "Criminal Threats" against Carol Hickerson and Wyeth Hickerson.

48. Defendants, including through their respective entities, breached their duties and obligations to Plaintiff, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train in the art of "investigation", control, and review its agents and employees as to their compliance with Constitutional safeguards; and by permitting Defendants and DOES 1 through 50, to engage in the unlawful and unconstitutional conduct as herein alleged.

49. Defendants knew, or should have known, that by breaching the above-mentioned duties and obligations that it was foreseeable that they would, and did, cause the Plaintiff to be injured and damaged by their wrongful policies, or deliberate lack thereof or deliberate indifference to the need for such policies and/or training, and other acts as alleged herein, and that such breaches occurred in contravention of public policy and their legal duties and obligations to Plaintiff; and that such policies would subject them to injunctive relief which Plaintiff asserts herein.

50. These actions, and/or inactions, of Defendants are the moving force behind, and direct and proximate cause of Plaintiff's injuries, as alleged herein; and as a result, Plaintiff has sustained general and special damages, to an extent and in an amount to be proven at trial. In addition, Plaintiff has incurred, and will continued to incur, attorneys' fees, costs, and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

## FIFTH CLAIM FOR RELIEF
### (*RETALIATION*)

**Against Defendant CITY OF LOS ANGELES, Defendant CITY OF LOS ANGELES POLICE DEPARTMENT, Defendant LOS ANGELES POLICE OFFICER WHITEY, LOS ANGELS POLICE OFFICER SARGENT FERRER, Badge #35725; and LOS ANGELES POLICE OFFICER DETECTIVE YEPP, Badge #27015 and LOS ANGELES POLICE OFFICER DEBORAH LEWIS, Badge #350761 and DOES 1 through 50, inclusive**

51. Plaintiff re-alleges paragraphs 1-50 and incorporate them herein as though fully set forth.

52. At the time of the incidents as set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment I and XIV to the United

COMPLAINT

States Constitution to due process of law and the equal protection of the laws as well as the right of free speech and the right to petition the government for redress under the First Amendment were in full force and effect, and all defendants who engaged in conduct, as set forth above, deprived Plaintiff of his constitutional rights, which violated those rights, and violated the Fourteenth Amendment to the United States Constitution. This right to petition includes but is not limited to Plaintiff's right to represent individuals and others for civil rights violations against defendants and other municipal and state agencies for administrative redress and complaints of misconduct and violations of constitutional rights as a licensed attorney in the states of Michigan and California without being subject to retaliation by Defendants as a result of such exercise of his rights as counsel for civil rights plaintiffs.

53. As described in more detail elsewhere in this Complaint, Defendants violated Plaintiff's rights by retaliating against Plaintiff when he filed, maintained and litigated civil rights claims against defendants and other municipal and state agencies as counsel for civil rights plaintiffs in California and Michigan. Due to the harassing and serious nature of the civil rights violations against plaintiff without reasonable basis for four arrests and 5150 hold, which were all unfounded, plaintiff contends that defendants have singled out plaintiff as a mark for retaliation for plaintiff's past representations of civil rights plaintiffs against defendants. Defendants four successive arrests without factual and legal basis was done to punish Plaintiff and to make an example of Plaintiff for speaking out against Defendants as an advocate for civil rights.

54. Defendants' conduct, as set forth above, was the direct and proximate cause of severe and ongoing injury to Plaintiff, as stated elsewhere in this complaint.

55. In addition, the individual Defendants who worked for Defendants who are government officials deliberately engaged in corruption, retaliation and violations of Plaintiff's clearly established constitutional rights. As such, and by the nature of their conduct, the individual defendants are not entitled to qualified immunity. Punitive damages are sought against the individual defendants employed by Defendants according to proof.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against all Defendants, as to all causes of action, as follows:

COMPLAINT

13

1. Plaintiff demands a jury trial as to the issues so triable;
2. General damages and special damages according to proof;
3. *As against only the individual defendants* and not any municipality, punitive damages as allowed by law;
4. Attorneys fees pursuant to 42 U.S.C. § 1988, and any other appropriate statute;
5. Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief to be based upon a separate application);
6. Costs of suit incurred herein; and
7. Such other and further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands a jury trial for all claims asserted here.

Date: April 7th, 2021

RESPECTFULLY SUBMITTED,

LAW OFFICE OF DUANE R. FOLKE

DUANE R. FOLKE
In Propria Persona

COMPLAINT

14