O

# United States District Court
# Central District of California

DUANE R. FOLKE,

              Plaintiff,

    v.

CITY OF LOS ANGELES et al.,

              Defendants.

Case № 2:21-cv-03038-ODW (Ex)

**ORDER GRANTING IN PART MOTION TO DISMISS [18]**

## I.  INTRODUCTION

On April 7, 2021, Plaintiff Duane Folke filed this action against the City of Los Angeles (the "City"), Officer Whitey (the City and Whitey together, "Defendants"), the Los Angeles Police Department ("LAPD"), Sargent Ferrer, Detective Yepp, and Officer Lewis.  (Compl., ECF No. 1.)  Folke asserts five claims related to violations of his civil rights including illegal search and seizure under the Fourteenth Amendment. (*Id.*)  Defendants move to dismiss all claims, asserting they are barred by the statute of limitations and the *Heck* doctrine, and the Complaint otherwise fails to allege viable claims.  (Mot. Dismiss ("Mot."), ECF No. 18.)  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND[2]

Folke alleges that he was wrongfully arrested, detained, and searched by LAPD officers on four separate occasions: (1) on March 16, 2019, LAPD officers arrested Folke and detained him at Cedars Sinai Hospital (the "First Arrest"); (2) on March 21, 2019, LAPD officers searched Folke's home without a warrant, physically assaulted and arrested Folke, and then detained him at the Van Nuys Police Department Jail for four days (the "Second Arrest"); (3) on March 26, 2019, LAPD officers arrested Folke and detained him at UCLA Olive View Medical Center for two weeks (the "Third Arrest"); (4) on April 8, 2019, LAPD officers again arrested Folke and detained him at UCLA Olive View Medical Center where he was placed on a "5150 [psychiatric] Hold" and suffered physical harm (the "Fourth Arrest").  (Compl. ¶¶ 3–9.)  According to Folke, the various arrests, searches, and seizures were without the requisite probable cause and warrants or were otherwise "wrongful."  (*Id*.)  Folke asserts that his Fourth Arrest resulted in a criminal conviction for trespass, (*Id*. ¶ 9), which in turn resulted in currently pending disciplinary proceedings before the California State Bar, (Opp'n 6, ECF No. 20).  Folke alleges that LAPD targeted him because he is "of African American descent, liv[ing] in a predominantly White [n]eighborhood" and had made prior civil rights complaints against LAPD.  (Compl. ¶ 12.)

In his Complaint, Folke asserts five claims against the defendants: (1) illegal search and seizure under the Fourteenth Amendment (deprivation of rights under 42 U.S.C. § 1983); (2) conspiracy to interfere with civil rights (violation of 42 U.S.C. § 1985); (3) neglect to prevent (violation of 42 U.S.C. § 1986); (4) *Monell* claim; and (5) retaliation.  Defendants now move to dismiss all five claims on the basis that they are barred by the applicable statute of limitations.  (Mot. 5.)  Defendants also argue that certain claims should be dismissed because the allegations are insufficient, the requisite claim elements have not been met, and certain federal claims cannot be

---

[2] All factual references derive from Plaintiff's Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Iqbal*, 556 U.S. at 678.

maintained under a respondeat superior theory of liability.  (*Id.*)  Defendants' Motion is fully briefed.  (*See generally* Mot.; Opp'n; Reply, ECF No. 21.)

### III.    REQUESTS FOR JUDICIAL NOTICE

Concurrently with their Motion, Defendants request the Court to take judicial notice of the certified Los Angeles Superior Court docket for criminal case number 9VW03144.  (Defs.' Req. Jud. Notice ("Defs.' RJN"), Ex. 1 ("'144 Case Docket"), ECF Nos. 19, 19-1.)   In support of his Opposition to Defendants' Motion, Folke requests judicial notice of a July 23, 2021 order for dismissal of Los Angeles Superior Court criminal case number 9VW03144.  (Pl.'s Req. Jud. Notice ("Folke's RJN"), Ex. 1 ("'144 Dismissal Order), ECF No. 23.)

The Court may take judicial notice of court filings and other undisputed matters of public record.  *See* Fed. R. Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  Both the '144 Case Docket and '144 Dismissal Order are court records.  Accordingly, the Court **GRANTS** both Defendants' RJN and Folke's RJN.

### IV.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the

pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

# V.     DISCUSSION

Defendants move to dismiss all five of Plaintiff's claims, arguing that they are barred by the governing statute of limitations insofar as they relate to the First Arrest and Second Arrest. (Mot. 5.) Defendants argue that Folke cannot maintain any claims related to the Fourth Arrest until Folke's conviction resulting from the Fourth Arrest has been reversed, expunged, or invalidated. (*Id*. at 7.) Defendants also contend that the City cannot be held liable for certain claims under a respondeat superior theory of liability. (*Id*. at 10.) Finally, Defendants assert that certain claims should be dismissed as improperly pleaded, vague, conclusory, or duplicative. (*Id*. at 6, 11.) Each claim is addressed as follows.

## A.     First and Second Arrests Under the Statute of Limitations

In his First through Fifth causes of action, Folke respectively alleges violations of 42 U.S.C. §§ 1983, 1985, and 1986, as well as *Monell* and retaliation claims—all of which fall under § 1983. (*See generally* Compl.) Defendants first assert that all five

causes of action are barred by a two-year statute of limitations insofar as they are based on the First and Second Arrests.[3]  (Mot. 5.)

The statute of limitations applicable to claims under 42 U.S.C. § 1983 (including related § 1985, §1986, *Monell*, and retaliation claims) is the personal injury statute of limitations of the forum state.  *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011).  The California statute of limitations for personal injury actions is two years.  Cal. Civ. Proc. Code § 335.1; *Jackson v. Fong*, 870 F.3d 928, 936 (9th Cir. 2017).

Although California law determines the limitations period, federal law determines when a claim accrues.  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004).  Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Id*. (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).  Nevertheless, state law governs tolling to the extent it is not inconsistent with federal law.  *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (citing *Morales v. City of Los Angeles*, 214 F.3d 1151, 1155 (9th Cir. 2000)).  California state law permits up to two years of tolling of the statute of limitations for plaintiffs incarcerated at the time their cause of action accrues.  Cal. Civ. Proc. Code § 352.1.

Folke's First Arrest took place on March 16, 2019, and Folke's Second Arrest—which involved a four-day detention and, therefore, a four-day tolling period—took place on March 21, 2019.  (Compl. ¶ 4.)  Folke's § 1983 claims based on his First and Second Arrests therefore accrued on March 16, 2019, and March 25, 2019, respectively.  Applying this standard, Folke had until March 16, 2021 and March 25, 2021, to bring these claims within the two-year statute of limitations, but he did not

---

[3] Although Folke's Opposition appears to defend his Third and Fourth Arrests against a statute of limitations challenge, Defendants do not argue that the Third and Fourth Arrests are time-barred. Indeed, Folke's Complaint, filed on April 7, 2021, clearly falls within the two-year statute of limitations for his Third Arrest (which resulted in his release from custody on April 8, 2019) and Fourth Arrest (which occurred on April 8, 2019).

file his Complaint until April 7, 2021. Thus, Folke's First and Second Arrest claims are untimely unless he is entitled to delayed accrual. As explained below, the Court finds that Folke is not entitled to such accrual for the Second Arrest, and the Complaint does not contain facts sufficient to determine whether Folke is so entitled for the First Arrest.

    *1.   Continuing Violations Doctrine*

In his Opposition, Folke argues that his First and Second Arrests were a part of a continuing violation against him, and the statute of limitations cannot begin to run until the last violation. (Opp'n 6, 8.) Folke asserts that the last violation in the series of Arrests is his Fourth Arrest. (*Id*.) Therefore, Folke argues, the statute of limitations for Folke's First and Second Arrests did not accrue until the disposition of Folke's Fourth Arrest. (*Id*.)

The continuing violations doctrine is an exception to the rule of accrual, "allowing a plaintiff to seek relief for events outside of the limitations period." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)), *cert. denied sub nom. Bird v. Hawaii*, 140 S. Ct. 899 (2020). However, in 2002, the Supreme Court held that "discrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges" because "[e]ach discrete . . . act starts a new clock for filing charges alleging that act." *Nat' R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). After the Ninth Circuit applied this holding, "little remains of the continuing violations doctrine." *Bird*, 935 F.3d at 748. Outside of a "limited exception for hostile work environment claims," the doctrine as applied to claims of a series of related acts "is virtually non-existent." *Id*. And although the doctrine may apply to class-wide claims of a "discriminatory system," the Ninth Circuit has "consistently refused to apply [this discriminatory system] branch to rescue individualized claims that are otherwise time-barred." *Id*. Because Folke's claims are individualized and are not related to a hostile work environment, the continuing violations doctrine is inapplicable. Thus, the

continuing violations doctrine cannot tie Folke's First and Second Arrests to his Fourth Arrest for purposes of extending the applicable statute of limitations.

Folke also appears to suggest that his currently pending disciplinary proceedings before the California State Bar may constitute the final event in the "continuing violation" resulting from the various Arrests. (Opp'n 9.) Accordingly, Folke asserts that "there can be no dismissal" of claims related to those Arrests on a statute of limitations basis because the violations, or State Bar proceedings, are still ongoing. (*Id.*) This argument is also without merit. Even if the Court applies the "little [that] remains", *Bird*, 935 F.3d at 746, of the continuing violation doctrine, "[a] 'mere continuing impact from past violations is not actionable' if the violations lie outside the statute of limitations period," *Flynt v. Shimazu*, 940 F.3d 457, 463 (9th Cir. 2019) (quoting *Knox*, 260 F.3d at 1013); *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) ("[A] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation."). Thus, Folke's State Bar proceedings do not impact the statute of limitations for Folke's First and Second Arrests.

### 2. Accrual for Fabricated Evidence Claims

Folke also argues that this Court should apply the accrual standard for a fabrication of evidence claim, which states that such claims do not accrue until the underlying criminal proceedings terminate in the defendant's favor or the resulting conviction has been invalidated (the "FEC Rule"). (*See* Opp'n 4); *see McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (holding that the plaintiff could not bring his fabricated evidence claim under § 1983 prior to favorable termination of his related prosecution). Folke makes numerous allegations that evidence was fabricated and used against him in his various Arrests. (*See, e.g.,* Compl. ¶¶ 7, 11–12, 19–21, 24, 34.) Construing all well-pleaded factual allegations in "the light most favorable" to Folke—as the Court must in this pleading stage—the Court finds that Folke has asserted fabrication of evidence claims. *Lee*, 250 F.3d at 679.

i.    <u>First Arrest</u>

The Complaint does not mention any criminal charges, proceedings, or records related to the First Arrest and is therefore unclear as to whether the FEC Rule can bring Folke's First Arrest claims back within the statute of limitations. Yet, dismissal based on the statute of limitations is only appropriate when "the running of the statute is apparent on the face of the complaint." *Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). And claims "cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).

The details surrounding the First Arrest are unclear and, as a result, the Court cannot determine "beyond doubt" the applicability of the FEC Rule. *Supermail*, 68 F.3d at 1206. This, taken with the fact that the statute of limitations appears to have been missed by, at most, three weeks, creates a reasonable possibility that the FEC Rule could bring the First Arrest claims back within the statute of limitations. In view of this possibility, the Court is unable to dismiss the First Arrest claims at this time. *See Huynh*, 465 F.3d at 1003–04 (stating that it is rarely appropriate to grant Rule 12(b)(6) motion to dismiss if matters outside the pleadings are at issue because review is limited to the allegations in the complaint); *Hastings v. Hutchens*, No. 8:18-cv-0529 R (ADS), 2019 WL 2902508, at *7 (C.D. Cal. Mar. 29, 2019) (denying a motion to dismiss because the pleadings failed to provide sufficient details regarding the plaintiff's incarceration, leaving the court unable to determine whether the statute of limitations was satisfied without looking outside the pleadings). Accordingly, this issue may be more appropriately resolved in a motion for summary judgment. The Court therefore **DENIES** Defendants' Motion with regard to the First Arrest.

ii.    <u>Second Arrest</u>

With regard to the Second Arrest, Folke states that he was held in a jail for four days but that the case was deemed a "DA REJECT" and "no charges were filed."

(Compl. ¶¶ 3, 35.)   With no charges and, consequently, no criminal proceedings stemming from the Second Arrest, the FEC Rule does not apply.  *See Roberts v. City of Fairbanks*, 947 F.3d 1191, 1204 (9th Cir. 2020) (concluding the fabrication of evidence claims accrued when there was no outstanding criminal judgment or charges pending against the plaintiffs, and they did not otherwise "stand convicted of anything").   The Second Arrest therefore remains subject to the standard statute of limitations analysis, which provides that claims for the Second Arrest accrued on March 25, 2019.   Accordingly, the Court **GRANTS** Defendants Motion dismissing Folke's claims as time-barred insofar as they relate to the Second Arrest.

**B.     Third Arrest Claims Against Officer Whitey**

Defendants move to dismiss Folke's claims relating to his Third Arrest to the extent that they are asserted against Officer Whitey.  (Mot. 6–7.)  Defendants argue that the Complaint alleges the Third Arrest was conducted by only "Los Angeles POLICE SARGENT FERRER Badge # 35725."  (*Id.*)  Indeed, the Complaint states that Officer Ferrer directed the Third Arrest and fails to allege Officer Whitey's involvement.  (Compl. ¶ 5.)   The Court therefore **GRANTS** Defendants' Motion dismissing all claims asserted against Officer Whitey insofar as they relate to the Third Arrest, **with leave to amend** the Complaint to clarify this allegation as necessary to remedy the identified deficiency.

**C.     Fourth Arrest Under the *Heck* Doctrine**

Defendants move to dismiss all claims insofar as they relate to the Fourth Arrest,[4] asserting that they are barred by the *Heck* doctrine.  (Mot. 7 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).)  The *Heck* doctrine states that,

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

---

[4] Defendants do not assert that the First, Second, or Third Arrests are barred by *Heck*.  And the papers are void of any suggestion that the First, Second, or Third Arrests resulted in any criminal charges.  Without such assertions, *Heck* is inapplicable.  *See Martin*, 920 F.3d at 613 quoting *Heck*, 512 U.S. at 486–87 ("Where there is no 'conviction or sentence' that may be undermined by a grant of relief to the plaintiffs, the Heck doctrine has no application.").

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Martin v. City of Boise*, 920 F.3d 584, 611–12 (9th Cir. 2019) (citing *Heck*, 512 U.S. at 486–87.)

The purpose of the *Heck* doctrine is to prevent plaintiffs from using § 1983 to attack the validity of a criminal conviction, "because a recovery in the damages action would necessarily imply that the conviction was wrongfully obtained." *Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016). Simply put, "[t]he judgment of conviction and the judgment for damages would be inconsistent, and there would be no means to reconcile the two." *Id.*

Here, Defendants assert that Folke's conviction of trespass under Penal Code section 602(k), ('144 Case Docket), which resulted from his Fourth Arrest, bars his claims because the conviction has not been "invalidated, expunged, or reversed on appeal," (Mot. 8). In response, Folke argues that *Heck* does not apply to this case and, even if *Heck* does apply, Folke's Fourth Arrest claims are not barred as there are currently pending "continuing collateral consequences" or, alternatively, because Folke's conviction has been expunged. (Opp'n 3, 5–8.) The Court finds Folke's arguments are without merit and *Heck* therefore bars Folke's Fourth Arrest claims.

### 1. Exception to Heck

Citing to *Heck*, Folke argues that if a plaintiff's successful § 1983 action does not necessarily demonstrate the invalidity of the criminal judgment against the plaintiff, the action should be allowed to proceed. (Opp'n 3, 7–8); *Heck*, 512 U.S. at 487. The *Heck* Court explained this exception in a footnote and stated that, for example, an action for damages resulting from an unreasonable search may proceed "even if the challenged search produced evidence that was introduced in a state criminal trial resulting in . . . conviction." *Heck*, 512 U.S. at 487 n.7. This is because

finding that a plaintiff suffered damages from an unreasonable search is not necessarily irreconcilable with the plaintiff's criminal conviction resulting from that search—if the damages extend beyond the mere arrest, conviction, and imprisonment. *See id*.   The exception to *Heck* therefore applies to claims "for using the wrong procedures, not for reaching the wrong result." *Id.* at 482–83.

Accordingly, the exception has been construed to apply only to situations where a plaintiff alleges damages resulting from an unreasonable search and seizure and the evidence obtained from that search and seizure is not in any way used to secure the plaintiff's related criminal conviction.   *See id.*   For example, in *Ove v. Gwinn*, the Ninth Circuit found that *Heck* did not bar § 1983 claims alleging damages from improper blood draws because the blood sample evidence was not used in securing the DUI criminal convictions.   264 F.3d 817, 823 (9th Cir. 2001).   In *Lockett v. Ericson*, the Ninth Circuit similarly held that *Heck* did not apply because the allegedly illegal evidence resulting from the search and seizure was not used to support the plaintiff's underlying criminal conviction.   656 F.3d 892, 896–97 (9th Cir. 2011).

Here, Folke alleges damages resulting from "being restrained from handcuffs so tight they caused [him] to faint," and "being physically . . . beaten,"—however, these damages appear to result from the First through Third Arrests and not the Fourth Arrest, which is at issue here.   (*See* Compl. ¶¶ 3–9, 21.)   Unlike the plaintiffs in *Ove* and *Lockett,* Folke's Fourth Arrest claims do not challenge the particular methods Defendants used to obtain evidence leading to the Fourth Arrest, and do not assert separate damages resulting from those methods.   *See Finley v. Fisher*, No. 14-CV-00913-HSG, 2015 WL 3466394, at *3 (N.D. Cal. June 1, 2015) (finding that the *Heck* exception did not allow the plaintiff's § 1983 claim to proceed because the plaintiff challenged the very existence of evidence that would justify his arrest, criminal charges, and conviction, as opposed to challenging the way in which such evidence was obtained or used); *Kowarsh v. Heckman*, No. 14-CV-05314-MEJ, 2015 WL 2406785, at *8 (N.D. Cal. May 19, 2015) (holding that the § 1983 plaintiff did not fall

within the exception to *Heck* because his claims alleged malicious prosecution against the prosecutors, as opposed to claims challenging the methods used by police to obtain evidence.)  Thus, Folke fails to allege the unreasonable search in his Fourth Arrest caused any damages beyond the Arrest itself and the resulting conviction.

Folke's claims also clearly challenge the validity of the Fourth Arrest and resulting conviction.  (*See* Compl. ¶ 24 (describing the Fourth Arrest as "wrongful" and "with no legal basis," and asserting that "[Folke] was forc[ed] . . . to plead 'No Contest' to the alleged crime and misdemeanor of 'trespassing' when no such crime was committed.").)  Thus, the Fourth Arrest and resulting conviction *are* the injuries for which Folke seeks damages, and Folke's success on his § 1983 claims would therefore necessarily call into question the validity of his conviction.  Accordingly, Folke's claims do not fall within this exception to *Heck*.

> 2.    *Continuing Collateral Consequences*

Folke also argues that the *Heck* doctrine does not bar his Fourth Arrest claims because his currently pending disciplinary proceedings before the California State Bar are a "continuing collateral consequence" of his Fourth Arrest.  (*See* Opp'n 5–7.) Citing to *Spencer v. Kemna,* 523 U.S. 1 (1998), Folke asserts that *Heck* cannot bar his claims because the continuing collateral consequence, or State Bar proceedings, cannot be absolved by expungement, leaving Folke without a means to satisfy *Heck*'s expungement requirement.  (*Id*.)  However, the *Spencer* Court merely held that it was not required to address the plaintiff's challenge to his "collateral consequence" of parole—even if his parole prevented him from bringing § 1983 claims—because the law does not require that plaintiffs are "always and everywhere" able to bring § 1983 actions.  *Spencer,* 523 U.S. at 17.  Thus, *Spencer* stands for a proposition contrary to Folke's argument and, if anything, affirms that *Heck* applies to Folke's claims.

> 3.    *Expungement*

Finally, Folke argues that even if the Court applies the *Heck* doctrine, Folke's Fourth Arrest claims may nevertheless proceed because *Heck* only bars claims when

the related criminal conviction remains valid—and Folke's trespass conviction stemming from his Fourth Arrest has now been "expunge[d]."   (Opp'n 7.) Specifically, Folke asserts that his conviction was dismissed pursuant to California Penal Code section 1203.4, which satisfies *Heck*'s requirement for an expungement or favorable termination of the related criminal conviction.  (*Id*.; '144 Dismissal Order.)

According to section 1203.4 (a)(1), a court may set aside a guilty verdict and dismiss a defendant's conviction if that defendant "fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation or in any other case in which [the] court, in its discretion and the interests of justice, determines [the] defendant should be granted the relief."  Defendants argue that dismissal under section 1203.4 is virtually ministerial and "would not establish that Plaintiff was actually innocent of the crime charged." (Reply 3–4.)  Accordingly, Defendants assert that such dismissal does not constitute a favorable termination of the conviction, as required by *Heck*.  (*Id*.)

Defendants cite to *Gocke v. United States*, as an example of a district court applying the *Heck* bar to § 1983 claims even when the plaintiff's criminal conviction was "expunged" pursuant to § 1203.4.  (*Id*.); No. EDCV 16-1560-MWF (SHKx), 2019 WL 4238881, at *5 (C.D. Cal. July 10, 2019).  The court in *Gocke* explained that "the Ninth Circuit has made the distinction between actual innocence and procedural relief" and that expungement is generally perceived as destroying or sealing the records asserting the existence of the conviction "and not the conviction itself."  *Id*. (citing *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004)).

The Ninth Circuit recognizes that a section 1203.4 dismissal merely releases the defendant from penalties resulting from the offense but does not invalidate the conviction.  *United States v. Hayden*, 255 F.3d 768, 771 (9th Cir. 2001).  A section 1203.4 dismissal "is in no way equivalent to a finding of factual innocence" and therefore does not demonstrate invalidation, reversal, or expungement for *Heck* purposes.  *DeVaughn v. County of Los Angeles*, No. 08-cv-1461-AB (FFMx), 2018

WL 7324527, at *6 n.6 (C.D. Cal. Dec. 12, 2018), *aff'd*, 824 F. App'x 501 (9th Cir. 2020); *see Campos v. City of Merced*, 709 F. Supp. 2d 944, 961 (E.D. Cal. 2010) (holding that a section 1203.4 expungement does not nullify the conviction).  Thus, a section 1203.4 does not satisfy *Heck*'s favorable termination requirement.  *See e.g., Shay v. City of Huntington Beach*, No. SACV 17-00744-AG (JCGx), 2018 WL 6016151, at *3 (C.D. Cal. Sept. 25, 2018) (finding that a judgment followed by a section 1203.4 dismissal nevertheless qualifies as a conviction under *Heck*), *aff'd*, 816 F. App'x 47 (9th Cir. 2020).

Remaining consistent with Ninth Circuit precedent, this Court finds that Folke's section 1203.4 conviction dismissal does not constitute the favorable termination required by *Heck*.  Accordingly, Folke's conviction continues to bar his § 1983 claims insofar as they pertain to the Fourth Arrest.  The Court therefore **GRANTS** Defendants' Motion with respect to the Fourth Arrest.

**D.   Vicarious Liability for §§ 1983, 1985 and 1986, and Retaliation Claims**

Defendants move to dismiss Folke's §§ 1983, 1985, and 1986, and retaliation claims insofar as they allege vicarious liability for the City on behalf of its employees. (Mot. 10.)  Defendants assert that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  (Mot. 10 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).)  Folke's Opposition does not refute or even address this assertion.

In *Monell*, the Supreme Court held that municipalities may only be held liable under § 1983 for constitutional violations resulting from official county policy or custom.  436 U.S. at 694.  "The custom or policy must be a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (internal quotation marks omitted).  The policies can include "written policies, unwritten

customs and practices, [and] failure to train municipal employees on avoiding certain obvious constitutional violations." *Id.*

Folke's Complaint does not mention any policy whatsoever. Instead, the Complaint generally alleges that Defendants have "customs and practices includ[ing] the failure to diligently investigate any purported allegations of criminal threats and properly charge and review the circumstances of any particular criminal law case [against Folke]." (Comp. ¶ 39.) However, Folke does not plead facts sufficient to link the Defendants' alleged misconduct to any specific City policy or custom. Moreover, the allegations appear to apply only to Folke's § 1986 claim. Accordingly, *Monell* bars respondeat superior liability for the City with regard to Folke's §§ 1983, 1985, and 1986, and retaliation claims. The Court therefore **GRANTS** Defendants' Motion dismissing allegations of respondeat superior liability for the City, with **leave to amend** such allegations as necessary to remedy this deficiency.

**E.    § 1986 and *Monell* Claims as Vague and Conclusory**

Defendants assert that Folke's § 1986 claim should also be dismissed as to individual liability because it is vague, conclusory, and duplicative. (Mot. 11.) For the reasons stated above, the Court finds that Folke's § 1986 claim is vague and conclusory and should be dismissed. *See Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.") (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)); *Ivey*, 673 F.2d at 268 ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Defendants also argue that Folke's *Monell* claim should be dismissed as conclusory. (Mot. 10–11.) In his *Monell* claim, Folke asserts that Defendants "fail[ed] to establish, implement, and follow the correct and proper Constitutional policies, procedures, customs and practices." (Compl. ¶¶ 47–48.) However, these allegations again are generalized and conclusory and fail to link Folke's alleged

injuries with any specific City policy or custom.  The Court therefore **GRANTS** Defendants' Motion dismissing Folke's § 1986 claim as applied to individual liability, and *Monell* claim, **with leave to amend** as necessary to remedy the identified deficiencies.

## VI.  CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss [18], **with leave to amend** the Complaint as described above.  If Folke chooses to file an Amended Complaint, he must file it within **twenty-one (21) days** of the date of this Order, in which case Defendants shall answer or otherwise respond no later than **fourteen (14) days** from the date the Amended Complaint is filed.

Although Folke is a licensed attorney, he appears in this action pro se.  The Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions.  The Los Angeles Clinic operates by appointment only.  Appointments may be made by calling the Clinic at (213) 385-2977, ext. 270 at the following site: http://prose.cacd.uscourts.gov/los-angeles.  Clinic staff can efficiently respond to many questions with a telephonic appointment or through an email request.  In-person appointments may be available at the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012.  Folke is encouraged to visit the Clinic or otherwise consult with an attorney prior to amending his Complaint.


**IT IS SO ORDERED.**


November 4, 2021

 

 

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**