O

# United States District Court
# Central District of California

| | |
|---|---|
| DUANE R. FOLKE,<br><br>       Plaintiff,<br><br>   v.<br><br>CITY OF LOS ANGELES et al.,<br><br>       Defendants. | Case № 2:21-cv-03038-ODW (Ex)<br><br>**ORDER GRANTING MOTION TO DISMISS [38]** |

## I.   INTRODUCTION

Defendants the City of Los Angeles (the "City") and Officer Whitey (together, "Defendants") move to dismiss certain claims asserted against them in Plaintiff Duane R. Folke's First Amended Complaint. (*See generally* Mot. Dismiss ("Mot." or "Motion"), ECF No. 38; First Am. Compl. ("FAC"), ECF No. 37.)  As explained below, the Court **GRANTS** Defendants' Motion.[1]

## II.   BACKGROUND

On April 7, 2021, Plaintiff filed this action against the City, Officer Whitey, the Los Angeles Police Department ("LAPD"), Sargent Ferrer, Detective Yepp, and Officer Lewis. (Compl., ECF No. 1.)  Folke asserted five claims related to violations of his

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

civil rights: (1) illegal search and seizure under the Fourteenth Amendment (deprivation of rights under 42 U.S.C. § 1983); (2) conspiracy to interfere with civil rights (violation of 42 U.S.C. § 1985); (3) neglect to prevent (violation of 42 U.S.C. § 1986); (4) *Monell* claim; and (5) retaliation.  (*Id.*)  Folke's claims stemmed from four alleged arrests, which occurred on: (1) March 16, 2019 (the "First Arrest"); (2) March 21, 2019 (the "Second Arrest"); (3) March 26, 2019 (the "Third Arrest"); and (4) April 8, 2019 (the "Fourth Arrest").  (*Id.*)

On June 25, 2021, Defendants moved to dismiss certain claims from Folke's Complaint.  (*See generally* Mot. Dismiss ("First MTD"); ECF No. 18.)  On November 4, 2021, the Court granted Defendants' motion in part by: (1) dismissing, without leave to amend, all claims insofar as they related to the Second and Fourth Arrests; (2) dismissing, with leave to amend, all claims against Officer Whitey insofar as they related to the Third Arrest; (3) dismissing, without leave to amend, the § 1983, § 1985, § 1986, and retaliation claims insofar as they asserted respondeat superior liability against the City; and (4) dismissing, with leave to amend, the § 1986 claim as to individual liability and the *Monell* claim.  (*See* Order, ECF No. 30.)

On November 24, 2021, Folke filed his First Amended Complaint.  (*See generally* FAC.)  Defendants again move to dismiss all claims asserted against Officer Whitey insofar as they relate to the Third Arrest, the § 1986 claim as to individual liability, and the *Monell* claim.  (*See* Mot.)  To date, Folke has not opposed the Motion.  Accordingly, the Court **GRANTS** in full Defendants' Motion to Dismiss.

### III.   DISCUSSION

Under the Local Rules of the Central District of California, a plaintiff must file an opposition to a motion to dismiss no later than twenty-one days prior to the hearing date.  C.D. Cal. L.R. 7-9.  A plaintiff's failure to file a timely opposition "may be deemed consent to the granting . . . of the motion."  C.D. Cal. L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (holding that a court may dismiss an action based on a party's failure to comply with the court's Local Rules).

Prior to dismissing an action pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). However, "[e]xplicit findings with respect to these factors are not required." *Ismail v. County of Orange*, No. SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988). In *Ghazali*, the Ninth Circuit found these factors favored granting a motion to dismiss when the plaintiff received notice of the motion, had ample opportunity to respond, yet failed to do so. 46 F.3d at 54.

Here, Defendants argue that Folke's amendments to his Complaint go beyond the scope of the Court's leave to amend. (Mot. 1–2.) Defendants also argue that, where Folke's amendments do fall within the scope of the Court's leave, Folke nevertheless fails to cure the Complaint's deficiencies. (*Id.*) However, the Court need not, and does not, reach the merits of the Motion because Folke does not oppose it. (*See generally id.*) Under Local Rule 7-9, given that Folke was on notice that the hearing date was January 10, 2022, his opposition was due to be filed on December 20, 2021. *See* C.D. Cal. L.R. 7-9. Thus, any opposition is well overdue.

Although Folke appears in this action pro se, he has been actively engaged in this litigation for nearly one year. Folke has clearly demonstrated an ability to use the online filing system and make timely submissions to the Court, as evidenced by, for example, Folke's timely responses to the Court's October 28, 2021 Order to Show Cause, (*see* Resps., ECF Nos. 31–34), and the timely filing of his FAC. Thus, Folke had both the ability and the opportunity to respond to the Motion but elected not to do so. Because Folke did not file an opposition, the Court finds that Folke conceded to the assertions in the Motion, which therefore should be granted.

A review of the *Ghazali* factors further supports granting the Motion. Here, there is a significant risk of prejudice to Defendants if their Motion is not granted because they have sought dismissal of the claims at issue since June 2021. (*See* First MTD.) Additionally, the Court finds that there are no less drastic measures to resolve this issue. Looking to the litigation history for this action, Plaintiff has repeatedly failed to follow the Court's instructions. (*See, e.g.,* Order, ECF No. 36 (the Court finding that despite instructing Plaintiff to file new proofs of service to remedy deficiencies identified in the previous proofs of service, Plaintiff merely refiled the same deficient proofs of service).) Thus, the Court is not convinced that providing Plaintiff with additional opportunity to oppose the Motion would be effective. Therefore, the Court **GRANTS** Defendants' Motion in full.

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 38). The Court **DISMISSES** without leave to amend, Folke's claims against Officer Whitey insofar as they related to the Third Arrest, Folke's § 1986 claim as to individual liability, and Folke's *Monell* claim. Defendant the City of Los Angeles is hereby **DISMISSED** with prejudice from this action as no claims remain pending against it.

//
//
//
//
//
//
//

In summary, only Officer Whitey and LAPD remain as defendants in this action,[2] and only the § 1983, § 1985, and retaliation claims remain pending against them.

**IT IS SO ORDERED.**

February 7, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] On November 15, 2021, the Court dismissed Sargent Ferrer, Detective Yepp, and Officer Lewis for Folke's failure to timely serve them his original Complaint. (Order, ECF No. 36.) It is unclear whether these individuals are named as Defendants in the FAC. (*Compare* FAC ¶ 2 (not expressly designating these individuals as Defendants) *with* ¶ 21a (designating these individuals as "Defendant Officers").) In any case, the scope of the Court's leave to amend did not include leave to reintroduce these individuals as Defendants, so the FAC did not have the effect of bringing them back into the case.