UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-03038-SPG-E | JS-6 | Date | November 27, 2024 |
|---|---|---|---|---|
| Title | Folke v. City of Los Angeles et al. | | | |

| Present: The Honorable | SHERILYN PEACE GARNETT UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

**I.  Introduction**

On October 30, 2024, the Court held a status conference, which was originally set for a final pretrial conference, to discuss Plaintiff's "consistent failure to prosecute th[is] action." (ECF No. 96 ("October 2024 Minute Order") at 1). During the status conference, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed due to Plaintiff's repeated failure to prosecute the case and comply with the Court's orders. *See generally* (October 2024 Minute Order). The Court gave Plaintiff until November 7, 2024, to file a written response.

On November 7, 2024, Plaintiff filed his response to the OSC. (ECF No. 97 ("Response")). The Court has considered Plaintiff's Response, which fails to sufficiently address why the Court should not dismiss the action for lack of prosecution and for failure to comply with the Court's orders. The Court thus dismisses this action without prejudice.

**II.  Background**

A brief discussion of this case's procedural history is warranted. Plaintiff first filed this action in April 2021. (ECF No. 1). Judge Wright, the district court judge who originally presided over this case, scheduled trial for December 2022. *See* (ECF No. 56). On October 28, 2021, however, Judge Wright issued an order to show cause ("OSC") why the Court should not dismiss three defendants from the case for Plaintiff's failure to properly and timely serve the Complaint on those defendants. *See* (ECF Nos. 28 ("Notice of Deficiency for Default") and 29 ("October 2021 Minute Order")). The Court stated that Plaintiff's previously filed proofs of service for the three defendants were improper and insufficient. (October 2021 Minute Order). The Court also stated that Plaintiff's failure to show good cause by November 12, 2021, in response to the Court's OSC "may result in the dismissal of the aforementioned [d]efendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03038-SPG-E | Date | November 27, 2024 |
| Title | Folke v. City of Los Angeles et al. | | |

without further warning." (*Id.*). When Plaintiff subsequently failed to file sufficient proofs of service on the three defendants in response to the Court's OSC, on November 15, 2021, Judge Wright dismissed the three defendants from the case. (ECF No. 36).

On February 4, 2022, Judge Wright issued another OSC regarding Plaintiff's failure to properly and timely serve the Complaint on Defendant Los Angeles Police Department ("LAPD"). (ECF No. 40). Judge Wright's OSC ordered Plaintiff to respond in writing no later than February 18, 2022, why the Court should not dismiss Defendant LAPD from the case based on Plaintiff's failure to properly and timely serve the Complaint and warned that failure of Plaintiff to respond to the OSC may result in the dismissal of Defendant LAPD without further warning. (*Id.*). On February 18, 2022, Plaintiff filed a response to the OSC requesting additional time to serve Defendant LAPD, which the Court granted and discharged the OSC. (ECF No. 49). After Plaintiff finally served Defendant LAPD, Judge Wright set the jury trial of this matter for December 20, 2022. (ECF No. 56).

On June 28, 2022, this case was transferred from Judge Wright's calendar to this Court's calendar. *See* (ECF No. 58). After the reassignment, this Court notified the parties that the Court would retain the trial and pretrial dates set by Judge Wright. (ECF No. 62). The Court set a status conference for October 19, 2022, for the parties to discuss their progress in this case and readiness for trial. (*Id.*). During the October 19, 2022, status conference, it became apparent the parties would not be ready for trial by the impending trial date. The Court therefore continued the trial to November 28, 2023, set a final pretrial conference for November 8, 2023, and set deadlines for discovery requests, responses, and motions before the assigned magistrate judge and for the hearing of pretrial motions. *See* (ECF No. 70).

When nearly a year elapsed with little to no activity in the case, on October 19, 2023, the Court issued an OSC why this action should not be dismissed for lack of prosecution. *See* (ECF No. 75). In response, Plaintiff filed a status report, stating that the parties had "conducted discovery" but remained in the process of producing certain documents. (ECF No. 76 at 2). Subsequently, the Court granted the parties' joint request to modify the scheduling order, vacated the status conference set for November 8, 2023, ultimately continued the trial to November 19, 2024, and set a new final pretrial conference for October 30, 2024. *See* (ECF Nos. 78, 80).

Another year elapsed with little to no activity in the case. In early October 2024, pursuant to the modified scheduling order, Defendants filed their witness list, an exhibit list, and several motions *in limine*, which they scheduled to be heard during the October 30, 2024, final pretrial conference. *See* (ECF Nos. 81-85). Defendants also filed a status report, accompanied by a supporting declaration and exhibits, which set forth Defendants' efforts to meet and confer with Plaintiff to file a joint exhibit list, joint jury instructions, and other trial documents, as is required by the Court's Standing Order for Civil Trial. *See* (ECF Nos. 86-88). Other than filing a witness list, *see* (ECF No. 92), Plaintiff did not file any trial documents either jointly, as required by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03038-SPG-E | Date | November 27, 2024 |
| Title | Folke v. City of Los Angeles et al. | | |

Court's Standing Order, or separately. Plaintiff also did not file any responses to Defendants' motions *in limine*, which were due before the October 30, 2024, final pretrial conference.[1] Instead, on October 4, 2024, Plaintiff filed an untimely *ex parte* application to enforce purported discovery obligations. *See* (ECF No. 89 ("Application")). The Court therefore converted the October 30, 2024, final pretrial conference into a status conference and struck the parties' nonconforming trial documents. (ECF No. 95).

Meanwhile, on October 4, 2024, Magistrate Judge Eick, the magistrate judge assigned to the case for discovery matters, denied Plaintiff's Application on multiple grounds. *See* (ECF No. 91). Most importantly, Judge Eick concluded Plaintiff's Application was untimely, given that the June 26, 2024, deadline to finalize discovery had long passed. *See* (ECF No. 80 at 2) (granting the parties' stipulated deadlines for pretrial discovery and motions).

Plaintiff then appealed to the Ninth Circuit Court of Appeals, seeking a writ of mandamus, which the Ninth Circuit denied because Plaintiff had "not demonstrated a clear and indisputable right to the extraordinary remedy of mandamus." *Folke v. United States District Court for the Central District of California*, No. 24-6172, slip. op. at 1 (9th Cir. Oct. 21, 2024).

### III. Discussion

Plaintiff's Response begins by discussing state bar proceedings in 2019 against Plaintiff, as well as certain medical and personal issues he experienced in 2019 and 2020.[2] *See* (Response at 2). Thereafter, Plaintiff discusses at length a state case Plaintiff represents was being prosecuted at the same time as this case and contends that the litigation in this case has not progressed due to alleged outstanding discovery—the same discovery that was the subject of his Application, which Magistrate Judge Eick denied. The Response also attaches exhibits that have little to no relevance to the issues raised by the Court's OSC and, regarding Exhibit 3, discusses alleged behavior by Plaintiff that is concerning. *See* (ECF No.

---

[1] On November 19, 2024, almost a month after the responses were due and over a week after the deadline for Plaintiff to file his response to the Court's OSC, Plaintiff filed oppositions to Defendants' motions *in limine*.

[2] While Plaintiff has previously apprised the Court of some of his medical issues and the Court is sympathetic to those issues, Plaintiff has not shown that his medical issues are the primary reason for his dilatory conduct in this case. Indeed, the docket and filings in this case paint a different picture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03038-SPG-E | Date | November 27, 2024 |
| Title | Folke v. City of Los Angeles et al. | | |

97-1 at 6-7). In short, Plaintiff's Response fails to assert a basis for this Court to discharge the OSC.

It is well-settled that district courts possess authority to *sua sponte* dismiss actions for failure to prosecute or comply with court orders. *See* Fed. R. Civ. P. 41(b); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (noting that under Rule 41(b), courts may "dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders") (internal quotation marks and citation omitted). When deciding whether to dismiss for failure to prosecute or comply with court orders, courts consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010), *overruled on other grounds by Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020) (internal quotation marks and citation omitted).

The first two factors–the public interest in expeditious resolution of litigation and the Court's need to manage its docket–weigh in favor of dismissal here. As outlined above, *see supra* Section II, the Court has provided Plaintiff multiple opportunities to diligently prosecute this case. As the docket reflects, however, this case remained stagnant for nearly a year on two separate occasions, thereby hindering the public and Defendants' interest in expeditious resolution of this litigation, as well as the Court's ability to manage its docket and adjudicate this action. Further, the third factor–risk of prejudice to the Defendants–also favors dismissal. For this factor, the Ninth Circuit emphasized that the "failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991) (internal quotation marks omitted) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Here, however, the record does demonstrate that Plaintiff's persistent lack of diligent prosecution in this action has prejudiced Defendants. Further, despite Plaintiff's representation that discovery allegedly remains outstanding, the onus was on Plaintiff to diligently use available mechanisms to obtain the discovery, such as timely filing a motion to compel any outstanding discovery and demonstrating a basis for its disclosure. Plaintiff failed to do so for years, and his Application to obtain this purported discovery–months after the discovery deadline had expired–not only remained untimely but also demonstrated his failure to diligently prosecute this matter in accordance with the Federal Rules of Civil Procedure, the Local Rules, and this Court's Standing Orders.

Turning to the fourth factor, the public policy favoring disposition of cases on the merits generally weighs against dismissal. The Ninth Circuit nonetheless has cautioned that, "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace . . . ." *Morris*, 942 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03038-SPG-E | Date | November 27, 2024 |
| Title | Folke v. City of Los Angeles et al. | | |

at 652. The Court, on multiple occasions, provided Plaintiff opportunities to diligently move this action towards disposition at a reasonable pace, but Plaintiff has not fulfilled this duty.

Lastly, the availability of less drastic sanctions weighs in favor of dismissal. Again, the Court, in the interest of fairness, provided chances for Plaintiff to move this case forward. *See, e.g.*, (ECF No. 75) (previously ordering Plaintiff to show cause why the case should not be dismissed for failure to prosecute in October 2023). The Court cannot continue to extend such opportunities, considering that the action has not meaningfully progressed for years. Therefore, the Court finds on balance, that all the above factors weigh in favor of dismissal.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

(1)   The Court hereby dismisses this action without prejudice.

(2)   The case is hereby CLOSED, and no further filings shall be received or entertained in this closed case.

(3)   Defendants' motions *in limine*, filed at ECF Nos. 81-85, and Plaintiff's Oppositions, filed at ECF Nos. 98-102 (incorrectly noticed as motions), are all dismissed as moot.

_____  :  _____

Initials of Preparer   pg